UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR378 CDP |
| ) | |
| JESTIN LOUIS CARDWELL, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

Defendant Jestin Cardwell, acting through counsel, has moved for a reduction of sentence under 18 U.S.C. § 3582, seeking to benefit from the reduced sentencing guidelines for most drug offenses. I conclude that Cardwell is eligible for a reduction, but not to the full extent he seeks. Therefore, I will grant his motion in part and impose an amended sentence of 95 months.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c) of Title 18 provides authority for the Court to do so under very limited circumstances. One of those circumstances allows the Court to reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." In Amendment 782, effective November 1, 2014, the United

States Sentencing Commission lowered the sentencing ranges for the offenses listed in §§ 2D1.1 and 2D1.11 of the Sentencing Guidelines. The Commission determined that the reduction should apply retroactively, so it added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(c). However, the Commission also subjected Amendment 782 to the new section § 1B1.10(e), effectively delaying its implementation until November 1, 2015. Thus, many defendants previously sentenced for drug offenses are eligible for reduced sentences, but none benefitting from Amendment 782 can be released before November 1, 2015. Whether a particular defendant qualifies, of course, depends on the facts of his particular case.

Defendant Jestin Cardwell pled guilty to three pseudoephedrine-related offenses.[1] Under the 2007 sentencing guidelines, the base offense level for these offenses was 34.[2] After a three-level reduction for acceptance of responsibility, Cardwell's total offense level was 31. With his criminal history category of V, his guideline range was 168 months to 210 months. Considering the parties' plea agreement and the government's motion under 18 U.S.C. § 3553 and U.S.S.G. §

---

[1] These offenses were: one count of conspiracy to possess pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, under 21 U.S.C. §§ 841(c)(2) and 846, and two counts of possession of pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, under 21 U.S.C. § 841(c)(2).

[2] This reflects a quantity of pseudoephedrine for which Cardwell is accountable of more than 300 grams and less than 1 kilogram. *See* U.S.S.G. § 2D1.11(d)(5).

5K1.1, I sentenced Cardwell to 114 months' imprisonment, a departure of nearly 32.14% from the low end of the guidelines range then in effect.

Under the amended guidelines, Cardwell's base offense level for this quantity of pseudoephedrine is 32, resulting in a total offense level of 29 after reduction for acceptance of responsibility. With his criminal history category of V, his new guidelines range is 140 months to 171 months. Thus, his guidelines range was in fact lowered by the Sentencing Commission through Amendment 782, and under 18 U.S.C. § 3582(c), he is eligible for a reduction to a sentence within that new lower range.

However, because Cardwell's original sentence was subject to a departure for substantial assistance, this is not the end of the inquiry. Under the amended Guideline § 1B1.10(b)(2)(B), I may also reduce his sentence by an amount "comparably less than the amended guideline range." The original departure was 32.14% less than the low end of the original guidelines range. Under the new sentencing range, a 32.14% reduction leads to a 95-month sentence. Despite Cardwell's argument to the contrary, that is the lowest sentence I have the authority to impose. *See* U.S.S.G. § 1B1.10(b)(2)(B) and *Application Note* 3 (2011); 18 U.S.C. §§ 3582(c)(2), 3553(a)(4)(A)(i); *Dillon v. United States*, 560 U.S. 817, 826 (2010). I will reduce Cardwell's sentence to 95 months.

As Cardwell points out in his motion, he would be eligible for release before November 1, 2015, if the Amendment 782 were not subject to delayed implementation. However, I have no authority to enter an order releasing him before this date. U.S.S.G. § 1B1.10(e).

Accordingly,

**IT IS HEREBY ORDERED** that Cardwell's motions for a reduction of his sentence [#228, #229, #239] are granted in part. As provided in the accompanying Order, defendant Jestin Cardwell's sentence is reduced to 95 months. The Order takes effect on November 1, 2015.

                                              UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2015.